**TULOMA GAS PRODUCTS COMPANY
et al., Appellants,**

v.

**Russell J. LEHMBERG, Appellee.**

**No. 14697.**

Court of Civil Appeals of Texas.

San Antonio.

June 19, 1968.

Rehearing Denied July 17, 1968.

Carl Wright Johnson, Alfred W. Offer, Joe Meador, San Antonio, for appellants.

Reid, Taylor & Murray, Jeff Davis, San Antonio, for appellee.

BARROW, Chief Justice.

Appellants, Tuloma Gas Products Company and Truman J. Mahan, the company's truck driver, complain of a judgment entered on a jury verdict whereby appellee, Russell J. Lehmberg, recovered the sum of $6,300.00 for personal injuries and property damage sustained by plaintiffs, Russell J. Lehmberg and wife, Lillian Merle Lehmberg, when their car struck a bull on a public highway after the bull had been first struck by Tuloma's truck.

Appellants assert that there is no evidence or findings to support a judgment against them and therefore the trial court erred in overruling their motions for instructed verdict and judgment non obstante veredicto. They also assert procedural and evidentiary points which, if sustained, would require a remand of the case. These points may be grouped as follows: appellants were erroneously restricted to there peremptory challenges; issues of primary negligence and proximate cause improperly referred to the "occasion in question" and the "occurrence in question," whereas two separate events are involved; the negligence issue relating to appellant Mahan's failure to warn is evidentiary and a comment on the weight of the evidence; that the findings of the jury are against the great weight and preponderance of the evidence; and improper evidence was introduced in several instances bearing on the question of damages. Appellants also assert misconduct of the jury during their deliberations.

On May 21, 1965, at about 9:45 P.M., Mahan was driving a butane delivery truck in the course of his employment in an easterly direction on F. M. Road No. 1518, between the towns of Lytle and Somerset, when he saw a black bull crossing the highway about six feet in front of his truck. The left front of the truck struck the head of the bull. Mahan stopped his truck, took a flashlight and walked back about thirty or forty feet to where the bull had been struck. The bull was in the middle of the highway, sitting more or less back on its haunches and shaking its head as if to charge him. Shortly thereafter Mahan observed the lights of a west-bound car coming over a rise approximately a quarter of a mile away. Mahan ran to the truck and attempted to warn the driver of the approaching car by raising and lowering his headlights one or more times. He testified also that he waved the flashlight and indicated a right turn on the truck, but these latter signals, if given, were not seen by the Lehmbergs.

Lehmberg, accompanied by his wife, was proceeding west in their 1960 Pontiac sedan at a legal speed of 60 m. p. h. He first observed the reflection of the truck lights when about a mile away. He slowed down when he came over the last rise and saw the headlights. He observed that the headlights were being lowered and raised and remarked to his wife that someone might be in trouble and that if they recognized the operater they would stop. Although the Lehmbergs knew Mahan, they did not recognize him and made no effort to stop. Appellee slowed to about 40 m. p. h. as he passed the truck. Almost immediately after passing the truck's headlights, both appellee and his wife saw a black object in the center of the road. Lehmberg though he was too close to stop or

avoid same so he attempted to hit the bull with the center of his car. The accelerator stuck on impact and the car pushed this heavy bull some distance before going over it and finally came to a stop around 100–150 yards down the road. The car was damaged extensively and appellee and his wife both sustained personal injuries.

Russell J. Lehmberg and wife, Lillian Merle Lehmberg, brought this suit against appellants and also Royln Stevens who was alleged to be the owner of the bull. They alleged that Mahan, employee of Tuloma, was negligent in failing to keep a proper lookout, in stopping his truck on the pavement, and that he failed to give proper warning in three respects of the bull on the pavement. Plaintiffs alleged that Stevens was negligent in permitting his livestock to be on a public road and in failing to give warning of this situation. Appellants were represented by one firm of attorneys and Stevens by another and separate answers were filed by each firm. Neither appellants nor Stevens sought affirmative relief from the other. The trial court required all defendants to jointly exercise six peremptory challenges. Later, after appellants and Stevens were unable to agree on the challenges to exercise, the trial court ordered that appellants exercise three challenges and Stevens exercise three. After the first witness was heard plaintiffs took a non-suit as to Stevens and he was dismissed from the suit.

The jury found that Mahan failed to keep a proper lookout on the occasion in question; that his failure to shine the headlights of his truck on the bull before he alighted from the truck was negligence; and that each of these negligent acts was a proximate cause of the occurrence in question. Two other submitted theories of primary negligence were found favorably to appellants. Appellee, Lehmberg, was acquitted of all acts of contributory negligence and the jury found the accident was not unavoidable.

The trial court properly held that there was more than a scintilla of evidence to raise a fact issue of negligence and proximate cause against appellants. The testimony of Mahan alone raises a fact issue as to whether he was keeping a proper lookout before he struck the bull. He did not see the bull until he was about six feet from it, although he testified that his headlights extended a range of about 250 feet. Furthermore, he could foresee [1] that the bull might be disabled on the roadway after it was struck, and that someone driving down this dark road might run into it. He would also have a duty to warn the traveling public of this hazard. McClellan v. Lee, 426 S.W. 2d 635 (Tex.Civ.App.—Houston (1st Dist.) 1968, no writ.) Mahan testified that after he sent the driver of the first car to arrive at the accident for assistance to the injured Lehmbergs, he went to the truck and backed it up parallel with the pavement and shined the lights on the bull so that no oncoming vehicle would run into it. He could foresee that as a result of his failure to give proper warning to the traveling public, a car might run into the bull on the highway. The trial court did not err in overruling appellants' motions for an instructed verdict and for judgment non obstante veredicto.

Appellants duly excepted to the trial court's action in requiring them to exercise their six peremptory challenges jointly with Stevens. Before the jury lists were returned, appellants' attorney advised the court that he and the attorneys for Stevens were unable to agree upon the peremptory challenges to be exercised, in that Stevens wanted some jurors that were unacceptable to appellants and vice versa. Thereupon the trial court, over the exception of appellants and Stevens, ordered appellants to exercise three challenges and Stevens three. Appellants excepted and at this time named three of the jurors on the list they desired to challenge if given six challenges, and all three subsequently served as jurors on this case.

1. See Motsenbocker v. Wyatt, 369 S.W.2d 319, 323 (Tex.Sup.1963).

Rule 233, Texas Rules of Civil Procedure, provides that each party to a civil suit in the district court shall be entitled to six peremptory challenges. In Retail Credit Co. v. Hyman, 316 S.W.2d 769 (Tex. Civ.App.—Houston 1958, writ ref'd), it was held that the word "party" as used in this rule does not mean the same thing as the word "person." The test of whether multiple parties are entitled to separate peremptory challenges is whether their interests are, at least in part, antagonistic in a matter that the jury is to be concerned with. Recently in Tamburello v. Welch, 392 S.W.2d 114 (Tex.Sup.1965), the Supreme Court considered this question and, after it recognized the above rule, expressly held that parties on the same side of the docket may be entitled to separate peremptory challenges even though no affirmative relief is sought by one against the other so long as their interests are, at least in part, antagonistic in a matter that the jury is to be concerned with.

Here, as in *Tamburello,* the interests of appellants are definitely antagonistic to those of Stevens as to the cause of the accident between the truck and the bull. Stevens and appellants differed over whether the bull was struck as a result of Mahan's negligence or as a result of Steven's negligence in permitting cattle to be on the roadway. These issues were to be resolved by the jury. Obviously, Stevens would be interested in a different type juror than appellants. It is our opinion that appellants and Stevens were separate parties within Rule 233, and appellants were entitled to six peremptory challenges and Stevens was entitled to six. Cruse v. Daniels, 293 S.W.2d 616 (Tex.Civ.App.—Amarillo 1956, writ ref'd n. r. e.). Furthermore, we conclude that the denial of three peremptory challenges to appellants under the circumstances in this case was materially unfair and the judgment cannot be upheld. It is seen that Stevens was dismissed from the suit by plaintiffs after one witness had been heard. This witness was a long-time acquaintance who lived near plaintiffs and nothing in his testimony should have surprised plaintiffs. An entirely different case is presented to the jury with the owner of the bull out of the suit, particularly so, since the jury had been selected while he was one of the defendants. The error in permitting appellants only three peremptory challenges requires a reversal and remand of the case. Tamburello v. Welch, supra.

In view of a retrial, appellants' points complaining of the form of submission of proper lookout and proximate cause should be discussed. Appellants timely objected to the use of the phrase "occasion in question" in relation to Mahan's lookout, and to the phrase "occurrence in question" in inquiring as to whether the acts of negligence were a proximate cause. Appellants objected that in this form said issues amounted to a general charge, and further, that these phrases were confusing, as there were two events and the jury would not know the basis of the inquiry. One event being the truck striking the bull and the second event being when the automobile struck the disabled bull. These two events occurred at least a few minutes apart under all the testimony.

Our appellate courts have repeatedly stated that the general issue of proper lookout should not be fragmentized. See Traywick v. Goodrich, 364 S.W.2d 190 (Tex.Sup.1963); Texas & Pac. Ry. Co. v. Snider, 159 Tex. 380, 321 S.W.2d 280 (1959); Covington v. Howard, 347 S.W.2d 802 (Tex.Civ.App.—Waco 1961, writ ref'd n. r. e.); Fort Worth & D. C. Ry. Co. v. Capehart, 210 S.W.2d 839 (Tex.Civ. App.—Waco 1948, writ ref'd n. r. e.). Under these cases a judge, by submitting a broad issue of lookout, can eliminate and is not required to submit other shades of that term which shades have been held to include such things as: "1. An issue which enquires whether the party failed to look at certain designated points as he proceeded on his way. 2. Whether a party failed to see the other party's

vehicle. 3. Whether the party failed to determine that the way was clear." Pope, Broad, Narrow Issues, 26 Texas Bar Journal 921, 980.

■ None of the cited cases dealt with a two-event situation occurring at separate and distinct intervals. We have heretofore pointed out that a fact issue was raised as to whether Mahan was keeping a proper lookout before he struck the bull. Appellee urges that the evidence would also support a finding that Mahan was not keeping a proper lookout before plaintiffs' car struck the bull. In this situation, there is no way of determining if all of the jurors concurred in Mahan's failure to keep a proper lookout before either of the two events. This is particularly erroneous under the facts in this case where a difficult question is raised as to whether Mahan's failure to keep a proper lookout while he was checking on the bull's location and condition could be a proximate cause of plaintiffs' injuries. We conclude that under the peculiar circumstances of this case, the trial court erred in submitting the general issue of proper lookout "on the occasion in question."

■ The same vice is apparent in the issues inquiring if the act of negligence was a proximate cause of the "occurrence in question." Under the facts in the case, an inquiry of this general and indefinite nature could have proved baffling to the jury. South Austin Drive-In Theatre v. Thomison, 421 S.W.2d 933 (Tex.Civ.App. —Austin 1967, writ ref'd n. r. e.). This confusion could be avoided by inquiring if the act was a proximate cause of plaintiffs' injuries, if any. See Lieck's Legal Trial Aid 251.

Nothing would be gained by a discussion of appellants' other points in that it is not likely that any of these alleged errors will recur in the same manner in a retrial of this cause. The judgment of the trial court is reversed and the cause remanded.