NUMBER 13-03-347-CV

COURT OF APPEALS
 
THIRTEENTH DISTRICT OF TEXAS

CORPUS CHRISTI - EDINBURG




PHYLLIS McNEAL AND MARK WRIGHT,                                 Appellants,

v. 
 
HUGHES THOMAS,                                                                       Appellee.




On appeal from the 156th District Court
of San Patricio County, Texas.




MEMORANDUM OPINION

Before Chief Justice Valdez and Justices Hinojosa and Castillo

Memorandum Opinion by Justice Castillo

         This is an appeal from a summary judgment. Appellants Phyliss McNeal and
Mark Wright sued appellee Hughes Thomas for personal injuries and property damage
after Wright's pickup truck ran into a cow on U.S. Highway 181 in San Patricio
County. We affirm in part and reverse and remand in part.
I. BACKGROUND 
         About 8:30 the evening of March 13, 2000, Wright was driving his truck
northbound on U.S. Highway 181, less than a mile from county road 22 in San Patricio
County. McNeal was his passenger. A cow started to cross the highway. The truck
hit the cow. McNeal and Wright sued Thomas, alleging his negligence caused the
accident.


 Thomas filed both traditional and no-evidence motions for summary
judgment. See Tex. R. Civ. P. 166a(c), (i). The trial court granted summary judgment
without specifying the grounds on which it did so. This appeal ensued. 
II. SUMMARY-JUDGMENT ANALYSIS
         By seven issues, McNeal and Wright assert that the trial court erred in granting: 
(1) Thomas's traditional summary-judgment motion because there are genuine issues
of material fact; (2) the traditional motion because it was legally insufficient; (3) the
traditional motion because they can cure any deficiencies in their pleadings by
amendment; (4) the no-evidence motion because they brought forth more than a
scintilla of probative evidence to raise a genuine issue of material fact; (5) the no-evidence motion because it was legally insufficient; (6) the no-evidence motion
because they can cure any deficiencies in the pleadings by amendment; and (7) the no-evidence motion because there had not been adequate opportunity for discovery. 
 A. Summary-Judgment Grounds and Response
1. Traditional Grounds
       In his traditional motion, Thomas asserted: (1) absent a common-law rule of
restraining cattle, he cannot be held to a common-law duty; (2) even if McNeal and
Wright pleaded a statutory cause of action under section 143.102 of the Texas
Agriculture Code,


 there is no evidence Thomas owned the cow; (3) the owner of the
livestock, not the owner of the land, has the statutory duty to prevent livestock from
roaming onto a state or federal highway; (4) even if Thomas owned the cow, there
was no evidence he knew or should have known that the cow was roaming at large
on U.S. Highway 181. Thomas's traditional summary-judgment evidence included his
affidavit: 
                           I am not the owner of the cow hit by Mark Wright on March 13, 2000. 
I saw the dead cow and the brand was not mine. I have not owned
cattle for 20 years. Prior to the accident there was a strong, windy
storm. The wind was sufficient to blow down a tree which damaged
part of the fence sufficient to allow the cow to escape. I have no
knowledge of any prior incidents involving that tree. I had no reason to
believe it would fall down. I am a part-owner of the land and I lease the
land to another. I do not have right of control over the land. The brad
[sic] recorded in San Patricio County in 1972 is still my brand. I have
used no other brand. The brand on the cow is EH. 

2. No-Evidence Grounds

         In his no-evidence motion, Thomas asserted there was no evidence to raise a
genuine issue of material fact regarding duty. In his factual overview, he characterized
McNeal and Wright's suit as claiming he had a duty to prevent the cow from
wandering or escaping onto the highway. 
3. Summary-Judgment Response
         In their summary-judgment response, McNeal and Wright argued that disputed
issues of material fact precluded summary judgment, including: (1) ownership of the
cow; and (2) ownership or lease of the land from which the cow roamed. In their
summary-judgment affidavits, McNeal and Wright stated that they spoke to a deputy
sheriff and a Texas Department of Public Safety ("DPS") trooper at the scene. Both
affidavits stated: (1) each heard Thomas tell the trooper to bury the cow after the
trooper stated that only the owner of the cow could direct how to dispose of it;
(2) each verified that the brand on the cow matched Thomas's brand on file in the
county clerk's records and on the gate to his property; (3) each heard Thomas admit
he had called the cow from across the highway immediately before the collision;
(4) Thomas did not tell the trooper he leased the land to anyone; (5) Thomas did not
tell the trooper someone else owned the cow; (6) Thomas gave his address on the
accident report as owner of the cow; (7) each heard Thomas say "it was one cow
down and four to go"; and (8) each had been in the area several days and did not
experience any storms. 
B. Summary-Judgment Standards of Review
         On appeal, the standard of review for the grant of a motion for
summary judgment is determined by whether the motion was brought on no-evidence
or traditional grounds. Tex. R. Civ. P. 166a(i), (c); Ortega v. City Nat'l Bank,
97 S.W.3d 765, 771 (Tex. App.–Corpus Christi 2003, no pet.). The difference in
relative burdens between the parties in the two types of summary-judgment motions
is significant. Id. Determination of the nature of the motion for summary judgment
under analysis is critical. Id. Accordingly, we first address how we will review
Thomas's motions. 
         We note that the mere attachment of evidence to a no-evidence summary-judgment motion is not sufficient to allow the court to disregard the no-evidence
motion. See Binur v. Jacobo, 135 S.W.3d 646, 651 (Tex. 2004) (holding that
evidence attached to no-evidence motion shall not be considered, but motion should
not be disregarded or treated as traditional motion); see also Oasis Oil Corp. v. Koch
Ref. Co., 60 S.W.3d 248, 250 (Tex. App.–Corpus Christi 2001, pet. denied). The no-evidence portion of Thomas's motion contained no argument, analysis, or case law. 
Even so, "[i]f a motion clearly sets forth its grounds and otherwise meets rule 166a's
requirements, it is sufficient." Jacobo, 135 S.W.3d at 651. Accordingly, we
separately analyze Thomas's traditional and no-evidence motions. 
          The function of summary judgment is to eliminate patently unmeritorious
claims and defenses, not to deprive litigants of the right to a jury trial. Alaniz v.
Hoyt, 105 S.W.3d 330, 344 (Tex. App.–Corpus Christi 2003, no pet.). In both
traditional and no-evidence summary-judgment motions, we review the evidence "in
the light most favorable to the nonmovant, disregarding all contrary evidence
and inferences." See KPMG Peat Marwick v. Harrison County Housing Fin. Corp.,
988 S.W.2d 746, 748 (Tex. 1999); Branton v. Wood, 100 S.W.3d 645, 646 (Tex.
App.–Corpus Christi 2003, no pet.). The movant bears the burden of showing
both no genuine issue of material fact and entitlement to judgment as a matter of
law.  Hoyt, 105 S.W.3d at 345. We affirm a trial court's ruling on a summary-judgment motion if any of the theories advanced in the motion is meritorious. 
State Farm Fire & Cas. Co. v. S.S., 858 S.W.2d 374, 380 (Tex. 1993); Boren v.
Bullen, 972 S.W.2d 863, 865 (Tex. App.–Corpus Christi 1998, no pet.). We review
a summary judgment de novo to determine whether a party established its right to
prevail as a matter of law. Ortega, 97 S.W.3d at 771. 
1. Traditional Motion under Rule 166a(c)
         The non-movant has the burden to respond to a traditional summary-judgment
motion if the movant conclusively: (1) establishes each element of its cause of action
or defense; or (2) negates at least one element of the non-movant's cause of action
or defense. Hoyt, 105 S.W.3d at 345. Thus, summary judgment for a defendant is
proper if the defendant disproves at least one element of each of the plaintiff's claims
or affirmatively establishes each element of an affirmative defense to each claim. Id.                            2. No-Evidence Motion under Rule 166a(i)
         We review a no-evidence motion for summary judgment under the same legal-sufficiency standard as a directed verdict. See Tex. R. Civ. P. 166a(i); see also
Branton, 100 S.W.3d at 646. The movant must assert that there is no evidence of
an essential element of a particular claim or defense which the nonmovant would have
the burden of proving at trial. Branton, 100 S.W.3d at 647. By definition, the movant
does not produce any evidence. See Tex. R. Civ. P. 166a(i). Rather, the nonmovant
must produce sufficient evidence to raise a genuine issue of material fact as to the
challenged element. Id.; Branton, 100 S.W.3d at 647. We consider any quantum of
evidence greater than a scintilla sufficient. Branton, 100 S.W.3d at 647. More than
a scintilla of evidence exists when the proffered proof "would enable reasonable and
fair-minded people to differ in their conclusions." Id. Conversely, less than a scintilla
of evidence exists when the proffered proof merely "creates a . . . surmise or suspicion
of a fact" as to the material elements. Id. 
C. Disposition of Thomas's Traditional Summary-Judgment Motion
1. Roaming Livestock
         The Texas Legislature has not been oblivious to safety concerns raised by
roaming livestock. Gibbs v. Jackson, 990 S.W.2d 745, 750 (Tex. 1999). 
Exercising its policymaking authority, the Legislature has considered livestock
restraint and fencing laws along virtually every type of roadway in the State of Texas. 
Id. A landowner or occupier may have a duty to fence the property to keep
livestock in or out. William V. Dorsaneo III, Texas Litigation Guide § 280.04
at 18-280 (2004). Livestock owners in Texas may be liable for negligence if their
animals stray onto state or federal highways. Gibbs, 990 S.W.2d at 749; Beck v.
Sheppard, 566 S.W.2d 569, 572-73 (Tex. 1978); see Weaver v. Brink,
613 S.W.2d 581, 583-84 (Tex. Civ. App.–Waco 1981, writ ref'd n.r.e.). However,
there is no common-law duty in Texas for an owner of livestock to restrain the animals
within fences. Gibbs, 990 S.W.2d at 747; Goode v. Bauer, 109 S.W.3d 788, 791
(Tex. App.–Corpus Christi 2003, pet. denied). Any duty to restrain livestock is
statutory. Bauer, 109 S.W.3d at 791. 
         Two types of statutes in Texas address an owner's obligation regarding the
restraint of livestock: (1) section 143.102 of the agriculture code,


 which prohibits
all owners of livestock from knowingly permitting their animals to roam at large on the
right of way of a state or federal highway in Texas, regardless of whether the local
county has adopted a stock law requiring the restraint of livestock; and (2) local option
stock laws in those counties that have adopted them.


 Id. The presence of livestock
on a roadway does not create a presumption that the owner was negligent. See Beck,
566 S.W.2d at 572. Whether under the statutory prohibition against livestock running
at large on state or federal highways or under a local option stock law, fault must be
attributed to the owner of an animal that strayed onto a highway for liability to attach. 
Id. at 792; Straitway Transport, Inc. v. Mundorf, 6 S.W.3d 734, 741 (Tex.
App.–Corpus Christi 1999, pet. denied); Hanna v. Wright, 504 S.W.2d 779, 782-83
(Tex. Civ. App.–Tyler 1974, no writ). 2. Discussion
         In their first issue, McNeal and Wright assert generally that the trial court erred
in granting Thomas's traditional motion for summary judgment because material
issues of fact preclude summary judgment. The trial court's order granting
Thomas summary judgment does not state the grounds on which the trial court did
so.  Thus, McNeal and Wright, as the nonmovants, must show on appeal that each
independent ground alleged by Thomas is insufficient to support the summary
judgment. Malooly Bros., Inc. v. Napier, 461 S.W.2d 119, 121 (Tex. 1970); Meru v.
Huerta, 136 S.W.3d 383, 387 (Tex. App.–Corpus Christi 2004, no pet. h.). 
a. Legal Sufficiency of Thomas's Traditional Motion
         As grounds for his traditional motion for summary judgment, Thomas asserted
that his summary-judgment evidence proved he did not own the cow. Even if he
owned the cow, he added, his summary-judgment evidence negated the "knowingly"
element of any statutory cause of action McNeal and Wright asserted. In their second
issue, McNeal and Wright contend that Thomas's traditional motion for summary
judgment was legally insufficient. However, Thomas's traditional motion presented
summary-judgment proof that disproved at least one element of each of McNeal and
Wright's claims. See Hoyt, 105 S.W.3d at 345. We conclude that Thomas's motion
for traditional summary judgment met the requirements of rule 166a(b). See id.; see
also Tex. R. Civ. P. 166a(b). We overrule McNeal and Wright's second issue. 
b. The "Knowingly" Element of McNeal and Wright's
Causes of Action for Failure to Maintain and Inspect the Fence and 
Failure to Maintain a Proper Lookout over the Livestock and Enclosure

          Section 143.102 of the agriculture code requires a person who owns or has
responsibility for the control of a cow not to "knowingly" permit the animal to traverse
or roam at large, unattended, on the right-of-way of a state or federal highway. Tex.
Agric. Code Ann. §143.102 (Vernon 1982). Construing the evidence favorable to
McNeal and Wright as true, even if Thomas owned the cow, nothing in the summary
judgment evidence established that he knowingly permitted the cow to traverse or
roam at large, unattended, on the right-of-way of Highway 181. McNeal and Wright
urge us to infer from evidence Thomas was on the scene, actively looking for loose
cows, as evidence Thomas knowingly permitted the animals to roam at large,
unattended, on U.S. Highway 181. 
         A party may prove an ultimate fact by circumstantial evidence. See Briones v.
Levine's Dep't Store, 446 S.W.2d 7, 10 (Tex. 1969). A fact issue is raised by
circumstantial evidence if, from the evidence, a reasonable person would conclude that
the existence of the fact is more reasonable than its nonexistence. Estate of Murphy,
694 S.W.2d 10, 12 (Tex. App.–Corpus Christi 1984, writ ref'd n.r.e.). "All that is
required is that the circumstances point to ultimate facts sought to be established with
such a degree of certainty as to make the conclusion reasonably probable." Id. (citing
Smith v. Tenn. Life Ins. Co., 618 S.W.2d 829, 834 (Tex. Civ. App.–Houston [1st
Dist.] 1981, no writ). However, any inference must be fairly drawn from the facts in
evidence and not on surmise or speculation. See Briones, 446 S.W.2d at 10. The
circumstances relied on must not be consistent equally with the non-existence of the
ultimate fact. Summers v. Fort Crockett Hotel, Ltd., 902 S.W.2d 20, 25 (Tex.
App.–Houston [1st Dist.] 1995, writ denied). Meager circumstantial evidence from
which equally plausible but opposite inferences may be drawn is speculative and legally
insufficient. Wal-Mart Stores, Inc. v. Gonzales, 968 S.W.2d 934, 936 (Tex. 1998). 
         In this case, we find that McNeal and Wright's summary-judgment proof that
Thomas knowingly permitted the cow to roam onto U.S. Highway 181 consisted solely
of speculation. Thomas's summary-judgment motion advanced the theory and
provided summary-judgment proof that he did not knowingly permit the cow to roam
onto the highway. McNeal and Wright did not counter with controverting summary-judgment proof that Thomas knew that cows had a propensity for escaping from the
property or that Thomas knowingly failed to maintain the fence. See Beck,
566 S.W.2d at 573. The evidence, at most, established that Thomas was alongside
the highway in search of the cow after a windy storm downed the fence and allowed
the cow to escape. The mere fact of the cow's escape does not establish Thomas's
negligence. See Beck, 566 S.W.2d at 572. 
         Accordingly, we hold that McNeal and Wright's summary-judgment proof did not
raise a fact issue that Thomas knowingly failed to maintain and inspect the fence and
maintain a proper lookout over the livestock and enclosure. See id. We overrule
McNeal and Wright's first issue as it relates to a common-law or statutory failure-to-maintain cause of action. 
D. Disposition of Thomas's No-Evidence Summary-Judgment Motion
1. Duty to Warn
         Texas law requires proof of three familiar elements to sustain a cause of action
for negligence: (1) a legal duty owed by one party to another; (2) a breach of that
duty; and (3) damages proximately caused by the breach. D. Houston, Inc. v.
Love, 92 S.W.3d 450, 454 (Tex. 2002). The common law imposes a duty to warn
the traveling public of livestock on the road. Tuloma Gas Prods. Co. v. Lehmberg,
430 S.W.2d 281, 283 (Tex. Civ. App.–San Antonio 1968, writ ref'd. n.r.e.). 
2. Discussion
a. Legal Sufficiency of Thomas's No-Evidence Motion
         In their fifth issue, McNeal and Wright argue that Thomas's no-evidence motion
was legally insufficient because it did not comply with Rule 166a's requirements. See
Tex. R. Civ. P. 166a(i). The no-evidence portion of Thomas's motion contained no
argument, analysis, or case law. Even so, we already have noted that "[i]f a motion
clearly sets forth its grounds and otherwise meets Rule 166a's requirements, it is
sufficient." See Jacobo, 135 S.W.3d at 651; see also Oasis Oil Corp., 60 S.W.3d
at 250. Thomas's motion sufficiently challenged the "duty" element of McNeal and
Wright's failure-to-maintain and failure-to-warn claims. We overrule McNeal and
Wright's fifth issue. 
b. The Duty Element of McNeal and Wright's Failure-to-Warn Cause of Action
         In response to Thomas's no-evidence motion, McNeal and Wright were required
to produce sufficient evidence to raise a genuine issue of material fact as to Thomas's
duty to warn. See Branton, 100 S.W.3d at 647. We consider any quantum of
evidence greater than a scintilla sufficient to raise a genuine issue of material fact. Id. 
In Lehmberg, the duty to warn attached to a person at the scene who did not own a
bull that had roamed onto the highway. Lehmberg, 430 S.W.2d at 283. Here,
McNeal and Wright's summary-judgment evidence: (1) placed Thomas at the scene
before the accident; (2) showed that Thomas knew that five cows were astray; and
(3) established that Thomas called the cow that caused the accident onto the
roadway. We conclude that this summary-judgment proof constituted a quantum of
evidence greater than a scintilla and was sufficient to raise a genuine issue of material
fact on the duty element of McNeal and Wright's failure-to-warn cause of action. See
Branton, 100 S.W.3d at 647; see also Lehmberg, 430 S.W.2d at 283. We sustain
their fourth issue. 
E. Disposition of Remaining Issues
1. Judgment on the Pleadings
         In his motion for summary judgment, Thomas asserted that "Plaintiffs have pled
a cause of action which does not exist." In their third and sixth issues, McNeal and
Wright complain that any pleading deficiencies could have been cured by amendment,
making summary judgment improper on both traditional and no-evidence grounds. 
         We note that Thomas filed special exceptions but did not pursue a ruling on
them. Ordinarily, summary judgment cannot be based solely on the failure of a
plaintiff to plead a cause of action unless the defendant levels a special exception to
the deficiency. Austin v. Healthtrust, Inc., 951 S.W.2d 78, 79 (Tex. App.–Corpus
Christi 1997), affirmed, 967 S.W.2d 400 (Tex. 1998). The trial court then must
afford the plaintiff an opportunity to amend the pleading to state a cause of action. 
Id. Where the plaintiff pleads facts that affirmatively negate the cause of action,
summary judgment on the pleadings is proper. Id. In this case, Thomas attached
McNeal and Wright's live pleading to his summary-judgment motion. He contended
that the facts as alleged did not plead a cause of action. See id. After Thomas filed
his motion for summary judgment, McNeal and Wright did not replead or complain they
were not given an opportunity to amend. See id. Accordingly, even if the trial court
granted summary judgment on the pleadings, McNeal and Wright waived any
complaint that it did so without giving them an opportunity to amend. See id.; see
also Tex. R. App. P. 33.1(a). We overrule McNeal and Wright's third and sixth issues. 
However, we conclude that McNeal and Wright adequately pleaded their failure-to-warn cause of action. See Lehmberg, 430 S.W.2d at 283. 
 2. Adequate Time for Discovery
         In their seventh issue, McNeal and Wright argue that the trial court erred in
granting Thomas's no-evidence motion because: (1) contrary to rule 166a(i), they did
not have adequate time for discovery; (2) McNeal's injuries prevented her from
participating or assisting in discovery; and (3) the parties had agreed to extend the
time for Thomas to respond to discovery. We have sustained McNeal and Wright's
fourth issue, which necessitates a remand of this case. Accordingly, we do not
address their seventh issue, as it is unnecessary to our final disposition of the appeal. 
See Tex. R. App. P. 47.1. 
III. CONCLUSION
         We affirm the trial court's judgment on McNeal and Wright's common-law and
statutory claims that Thomas failed to: (1) maintain and inspect the livestock fences;
and (2) maintain a proper lookout over the livestock and their enclosures. Having
sustained McNeal and Wright's fourth issue, we reverse and remand for a trial on the
merits of their failure-to-warn claim. 
 
                                                      ERRLINDA CASTILLO
                                                      Justice

Memorandum Opinion delivered and
filed this 26th day of August, 2004.