Tisha **BILLELO** and Danielle **Billelo, Appellants,**

v.

**SLC McKINNEY PARTNERS, L.P., Appellee.**

No. 05–09–01525–CV.

Court of Appeals of Texas, Dallas.

March 30, 2011.

John Chapman, John W. Pate, Haygood, Orr & Pearson, Dallas, TX, for Appellants.

Gordon O. Stafford, O'Gorman & Stafford, L.L.C., San Antonio, TX, for Appellee.

Before Justices MORRIS, LANG, and LANG–MIERS.

## OPINION

Opinion By Justice MORRIS.

This is an appeal from a no-evidence summary judgment in a lawsuit for damages that Tisha and Danielle Billelo brought against landowner SLC McKinney Partners, L.P. The Billelos generally contend the trial court erred in granting summary judgment because they raised issues of fact on each challenged element of their claims. For the reasons that follow, we affirm the trial court's judgment.

The Billelos sued SLC and others for negligence and gross negligence after Danielle suffered injuries when a vehicle in which she was a passenger struck a cow on Highway 380 in McKinney, Texas. At the time of the accident, SLC owned pastureland north of the collision site. The Billelos alleged that SLC was negligent in allowing a cow pastured on an adjacent tract to enter its property and wander onto Highway 380 through breaches in its fenceline. They further claimed SLC's alleged negligence caused the accident and their damages. They also alleged SLC was negligent in failing to warn of the possible presence of cows on the roadway. SLC moved for summary judgment asserting, among other things, that pursuant to section 143.102 of the Texas Agricultural Code, they owed no duty to the Billelos because there was no evidence that SLC owned or had responsibility for the control of the cow involved in the accident. The trial court granted SLC summary judgment and severed the claims against it from those remaining against the other defendants. This appeal followed.

■ To defeat a no-evidence summary judgment motion, the Billelos must bring forth evidence that raises a fact issue on the challenged elements of its claims. TEX.R. CIV. P. 166a(i); *Ford Motor Co. v. Ridgway*, 135 S.W.3d 598, 599 (Tex.2004). In their summary judgment response and on appeal, the Billelos assert that evidence that SLC knew cattle from an adjacent tract were wandering onto its property and roaming onto the highway through damaged or missing fencing creates a fact issue on whether SLC owed them a duty under general negligence theory. We disagree.

**854**

In Texas, even an owner of livestock has no common law duty to confine his animals within fences. *See Goode v. Bauer,* 109 S.W.3d 788, 791 (Tex.App.-Corpus Christi 2003, pet. denied). The duty to do so is purely statutory in nature. *Id.* The relevant statute here provides that a person who owns or has responsibility for the control of a cow may not knowingly permit the animal to traverse or roam at large unattended on the highway. TEX. AGRIC. CODE ANN. § 143.102 (West 2004). By this statute, the legislature clearly limited the duty to restrain livestock to its owner or those who have responsibility for its control. There is no evidence in the summary judgment record before us that SLC owned or had responsibility for the cow involved in the collision as required by section 143.102.

In an attempt to expand the duty created by section 143.102, the Billelos argue that case law requires non-owners of livestock to exercise reasonable care against the dangers of cows wandering into the roadway. *See Tex. Elec. Coop. v. Dillard,* 171 S.W.3d 201, 208 (Tex.App.-Tyler 2005, no pet.); *Tuloma Gas Prods. Co. v. Lehmberg,* 430 S.W.2d 281 (Tex.Civ.App.1968, writ ref'd n.r.e.). We conclude *Dillard* and *Tuloma* are inapposite. Unlike the case before us, they involve a driver's duty to warn of the hazard created after their vehicle strikes a cow on the road. *See Dillard,* 171 S.W.3d at 206; *Tuloma,* 430 S.W.2d at 283.

Because the Billelos failed to bring forth evidence creating a fact issue on the element of duty, a necessary element of their negligence and gross negligence claims, the trial court did not err in granting summary judgment in SLC's favor. An additional basis for affirming the trial court's judgment on their gross negligence claim is the Billelos' failure to challenge all of SLC's grounds for summary judgment on that claim. *See Jarvis v. Rocanville Corp.,* 298 S.W.3d 305, 313 (Tex.App.-Dallas 2009, pet. denied).[1] Our disposition of these issues makes it unnecessary to address the Billelos' remaining arguments.

We affirm the trial court's judgment.

---

1. SLC's motion for summary judgment also asserted the Billelos' claim for gross negligence failed because there was no evidence it committed any actions with reckless disregard of another's right and with indifference to whether the party would be injured. On appeal, the Billelos do not challenge this ground as a basis for the trial court's summary judgment on their gross negligence claim.