**Tisha BILLELO and Danielle Billelo, Appellants,**

v.

**TECHLINE SERVICES, L.P., Appellee.**

**No. 05–10–01113–CV.**

Court of Appeals of Texas, Dallas.

June 7, 2012.

James Craig Orr, John W. Pate, Heygood, Orr, Reyes, Bartolomei & Pearson, Dallas, TX, for Appellants.

Curtis Lyndon Laird, Emily A. Quillen, Henslee Schwartz, LLP, Fort Worth, TX, for Appellee.

Before Justices MOSELEY, FITZGERALD, and MARTIN RICHTER.

## OPINION

Opinion By Justice FITZGERALD.

This is an appeal from a take nothing summary judgment in favor of appellee Techline Services, L.P. ("Techline"). Techline filed a combined traditional and no-evidence summary judgment motion in the trial court, challenging each element of the negligence claim brought by appellants Tisha and Danielle Billelo.[1] The trial court granted the motion but did not identify the specific ground on which its ruling was based. The trial court then granted Techline's motion to sever all claims against Techline from those still pending in the trial court. In this Court, the Billelos raise four issues, contending that their summary judgment evidence raised an issue of fact as to whether: (1) Techline cut, damaged, and created a hole in the fence that separated cattle from Highway 380; (2) Techline failed to repair the hole in the fence separating cattle from Highway 380; (3) the cow involved in the subject accident escaped through the hole in the fence created by Techline; and (4) Techline's damage to the subject fence proximately resulted in damages to Danielle Billelo. We conclude the trial court correctly granted summary judgment on proximate cause grounds, and we affirm.

---

1. The trial court had earlier granted summary judgment in favor of Techline on the Billelos' gross negligence claim. That portion of the judgment is not challenged on appeal.

We review both traditional and no-evidence summary judgment motions under well-settled standards. In a traditional motion, the party moving for summary judgment has the burden of showing there is no genuine issue of material fact and that it is entitled to judgment as a matter of law. TEX.R. CIV. P. 166a(c); *Swilley v. Hughes*, 488 S.W.2d 64, 67 (Tex.1972). A traditional movant has the burden of proving all essential elements of its cause of action or defense as a matter of law. *Black v. Victoria Lloyds Ins. Co.*, 797 S.W.2d 20, 27 (Tex.1990). By contrast, when a party moves for summary judgment under rule 166a(i), asserting that no evidence exists as to one or more elements of a claim on which the nonmovant would have the burden of proof at trial, the burden is on the nonmovant to present enough evidence to raise a genuine issue of material fact on each of the challenged elements. TEX.R. CIV. P. 166a(i); *Gen. Mills Rest., Inc. v. Tex. Wings, Inc.*, 12 S.W.3d 827, 832 (Tex.App.-Dallas 2000, no pet.). If the nonmovant fails to raise such an issue, the trial judge must grant the motion. *Id.*

Techline contracted with Grayson–Collin Electric Cooperative, Inc. to install a series of power poles along Highway 380 in Collin County. The Billelos allege that Techline cut a fence along the highway when installing one of those poles and that the cow wandered through the cut fence and onto the road on which Danielle was traveling some four months later. The case below involved many defendants and a number of theories of liability, but some background facts are undisputed. The Billelos have never been able to identify the owner of the cow. The cow was put down, and its carcass was removed from the highway soon after the accident; only vague and conflicting evidence concerning its description was ever available. Nor have the Billelos been able to establish how the cow came to be on the roadway the night of the accident. Finally, Techline finished its work in the area at the end of June 2005; the accident occurred more than four months later, on November 11, 2005.

Because we believe the issue of proximate cause is dispositive of this appeal, we address that issue first. Proximate cause includes the elements of cause in fact and foreseeability. *Sw. Key Program, Inc. v. Gil–Perez*, 81 S.W.3d 269, 274 (Tex.2002). These elements cannot be established by mere conjecture, guess, or speculation. *Doe v. Boys Clubs of Greater Dallas, Inc.*, 907 S.W.2d 472, 477 (Tex. 1995). An act or omission is a cause in fact of an injury if it is a substantial factor in bringing about the injury, without which the harm would not have occurred. *Travis v. City of Mesquite*, 830 S.W.2d 94, 98 (Tex.1992). But cause in fact is not shown if the defendant's conduct did no more than furnish a condition which made the injury possible. *Boys Clubs of Greater Dallas*, 907 S.W.2d at 477. "In other words, even if the injury would not have happened but for the defendant's conduct, the connection between the defendant and the plaintiff's injuries simply may be too attenuated to constitute legal cause." *Id.* (citing *Union Pump Co. v. Allbritton*, 898 S.W.2d 773, 776 (Tex.1995); *Lear Siegler, Inc. v. Perez*, 819 S.W.2d 470, 472 (Tex. 1991)).

When Techline filed its no-evidence summary judgment motion on the element of proximate cause, it became the Billelos' burden to evidence a genuine issue of material fact on both foreseeability and cause in fact. *See* TEX.R. CIV. P. 166a(i). The Billelos filed a response to the motion, accompanied by more than 100 pages of summary judgment evidence. Nevertheless, our review of the summary judgment record establishes that the Billelos have

failed to evidence a genuine issue of material fact on the element of cause in fact.

 The final summary judgment record for our review does not include all 100 pages filed by the Billelos. Techline objected to portions of their evidence, and the trial court sustained all but one of those objections. A number of hearsay statements from deposition exhibits were correctly stricken from the record. Several entire exhibits—including documents from the police and animal control departments—were properly stricken as well. In an apparent effort to expand the factual record, the Billelos' brief cites deposition testimony that was not part of the summary judgment record below. The Billelos contend the evidence is properly before us because it was attached to their response to a different summary judgment motion filed approximately one and one half years before the response to the motion at issue. A non-movant may not "supplement" the summary judgment record on appeal with earlier-filed evidence or any other evidence. "A trial court need only consider the record as it properly appears before it when the motion for summary judgment is heard." *WTFO, Inc. v. Braithwaite*, 899 S.W.2d 709, 721 (Tex. App.-Dallas 1995, no writ). And we will only review the record the trial court considered in determining whether error occurred.

 In the end, the Billelos' only summary judgment evidence that Techline cut the fence when installing the power pole is the speculative testimony of another defendant, James Lockridge. Lockridge leased some of the land along the highway where the accident occurred for cattle grazing. Police called him to the site of the accident believing he was responsible for the injured cow. Lockridge claims that on the night of the accident he discovered a spot in the fence—at the corner of property belonging to another defendant, SLC McKinney Partners, L.P.—where the fence had been cut.[2] The Billelos cite Lockridge's deposition testimony as their summary judgment evidence that Techline caused Danielle's injuries:

> [T]he fence was cut—the pole was set directly in the fence line. I mean, they couldn't have put the pole one way or the other. I mean, they cut the fence and put it directly through the wire. If you pulled the wire back through, the wire would have had to go through the middle of the pole.
>
> \* \* \*
>
> The fence had been cut, all five strands and the T-posts had been pulled out. In the place of the T-post and the wire was a telephone pole, a power pole, whatever you want to call it.

This testimony forms the crux of the Billelos' claim against Techline. But the testimony is not supported by any facts and amounts to nothing more than Lockridge's speculation as to the source of the hole; his speculation cannot defeat summary judgment in this case. In negligence suits, legally competent proof of causation may not be based on speculation or conjecture. *Plunkett v. Conn. Gen. Life Ins. Co.*, 285 S.W.3d 106, 116 (Tex.App.-Dallas 2009, pet. denied); *see also Boys Clubs of Greater Dallas*, 907 S.W.2d at 477 (cause in fact cannot be established by "mere conjecture, guess, or speculation"). The Billelos' summary judgment evidence does not contain any non-speculative evidence identifying Techline as responsible for cutting the fence four months earlier. Mere proximi-

---

**2.** The trial court also granted summary judgment in favor of defendant SLC McKinney. After severance, that summary judgment was affirmed by this Court. *See Billelo v. SLC McKinney Partners, L.P.*, 336 S.W.3d 852 (Tex. App.-Dallas 2011, no pet.).

ty of the hole to one of the poles set by Techline amounts to no more than a scintilla of evidence of Techline's involvement in damaging the fence. We are not persuaded by the Billelos' factual argument for reversal.

Nor are we persuaded by the Billelos' legal authority. They rely primarily on *Jacobs–Cathey Co. v. Cockrum,* 947 S.W.2d 288 (Tex.App.-Waco 1997, writ denied), to show that Techline's conduct was not too far removed from the accident in time to serve as the accident's proximate cause. In that case, the jury found that the defendant's employee had left an air conditioning belt on a school roof after doing repair work there. Some eight months later, a school custodian tripped on the belt, and he fell from the roof. The Waco court of appeals concluded the evidence was sufficient to support these findings and acknowledged there was "a direct connection between the belt's having been left on the roof and [the custodian's] tripping over the belt." *Id.* at 296. The court went on to say "[t]here were no intervening causes or a string of causes-and-effects that ultimately led to [the custodian's] tripping over the belt." *Id.* Finding this direct connection, the court concluded the evidence was sufficient that the defendant's negligence in leaving the belt on the roof was the cause in fact of the injury, even though eight months had passed. *Id.* at 296–97.

In the Billelos' case, there is no such direct connection between act and injury to overcome the lapse in time. Here, the Billelos' summary judgment evidence establishes that—although Techline set a series of poles along the highway—this was the only place Lockridge found where the fence had been cut. Their evidence states further that cattle had been "traversing" a fence line prior to this accident. Indeed, Lockridge testified he had responded to many calls concerning livestock being out in this area: "And so I would go up there, and there would be a Hereford cow, it would be a black Angus cow. One time it was a horse. One time it was a jackass." None of these types of livestock grazed on the SLC Partners' property neighboring the cut fence. That property was the only one Lockridge had a lease on at the time of the accident, and he testified none of his cows were missing. The attenuation in this case is more than just an issue of time. There is no probative evidence that Techline cut the fence or that the cow involved in the accident reached the highway through the hole Lockridge testified he discovered. *Jacobs–Cathey's* direct connection is completely absent in this case.

We conclude the Billelos have not raised a genuine issue of material fact indicating Techline could have been the cause in fact of Danielle's injuries. Accordingly, the trial court did not err in granting summary judgment in Techline's favor on the issue of proximate cause. We overrule the Billelos' fourth issue, and we need not address any remaining grounds for the summary judgment. *See Tate v. Goins, Underkofler, Crawford & Langdon,* 24 S.W.3d 627, 632 (Tex.App.-Dallas 2000, pet. denied) ("We uphold a summary judgment on any ground that is supported by the evidence and pleadings."). We affirm the trial court's judgment.