**Virgle BRANTON and Flora Branton, Appellants,**

v.

**Kim F. WOOD, Appellee.**

**No. 13-01-00279-CV.**

Court of Appeals of Texas, Corpus Christi–Edinburg.

March 13, 2003.

O.F. Jones, III, Victoria, for Appellant.

Michael A. Sheppard, Cuero, for Appellee.

Before Chief Justice VALDEZ and Justices HINOJOSA and CASTILLO.

**OPINION**

Opinion by Justice HINOJOSA.

This is an appeal from the trial court's judgment rendered in favor of appellee, Kim Wood. In two issues, appellants, Virgle Branton and Flora Branton, contend the trial court erred in (1) granting appellee's motion for partial summary judgment, and (2) granting judgment for appellee on his counterclaim. We affirm.

A. BACKGROUND AND PROCEDURAL HISTORY

In January 1996, appellants purchased a house, located on the Guadalupe River in DeWitt County, from appellee. Appellee financed most of the purchase price. The

house, located in a flood plain, had a history of flood damage. Appellee had recently made extensive repairs following the latest flood. Because of the house's location, the deed of trust required that the house carry flood insurance for the protection of both parties. During the period in question, appellants mistakenly allowed the flood insurance on the property to lapse.

In October 1998, the Guadalupe River flooded. Appellants' home was washed completely off its foundation and smashed into neighboring trees, causing irreparable damage. Appellants' expert inspected the house and concluded that most of the damage to the house had occurred because the base plate, the foundation bottom which attached the house to the foundation, had rotted from prior flood damage.

Appellants sued appellee, asserting appellee had violated the Deceptive Trade Practices Consumer Protection Act ("DTPA")[1] because the house did not comply with representations made by appellee before the sale. Appellee counter-claimed for a deficiency on the note. Appellee filed a motion for partial summary judgment on both "traditional" and no-evidence grounds. The trial court granted appellee's motion for partial summary judgment as to all of appellants' DTPA claims on unspecified grounds. After a bench trial on the counterclaim, the trial court determined the amount of deficiency owed on the note and rendered judgment for appellee for the deficiency and attorney's fees.

### B. MOTION FOR SUMMARY JUDGMENT

In their first issue, appellants contend the trial court erred in granting appellee's motion for partial summary judgment.

### 1. *Standard of Review*

We review the granting of a traditional motion for summary judgment de novo. *See Natividad v. Alexsis, Inc.*, 875 S.W.2d 695, 699 (Tex.1994); *Tex. Commerce Bank-Rio Grande Valley v. Correa*, 28 S.W.3d 723, 726 (Tex.App.-Corpus Christi 2000, pet. denied). To prevail, the moving party has the burden of showing that there is no genuine issue of material fact and that he is entitled to judgment as a matter of law. TEX.R. CIV. P. 166a(c); *Lear Siegler, Inc. v. Perez*, 819 S.W.2d 470, 471 (Tex.1991). In deciding whether there is a genuine issue of material fact, evidence favorable to the nonmovant will be taken as true, and all reasonable inferences made and all doubts resolved in the nonmovant's favor. *Am. Tobacco Co. v. Grinnell*, 951 S.W.2d 420, 425 (Tex.1997). Summary judgment is proper if the movant disproves at least one element of each of the plaintiff's claims or affirmatively establishes each element of an affirmative defense to each claim. *Id.*

By contrast, a no-evidence summary judgment presented under Texas Rule of Civil Procedure 166a(i) is equivalent to a pretrial directed verdict, and this Court applies the same legal sufficiency standard on review. *Zapata v. The Children's Clinic*, 997 S.W.2d 745, 747 (Tex.App.-Corpus Christi 1999, pet. denied). This Court reviews the evidence in the light most favorable to the nonmovant, disregarding all contrary evidence and inferences. *KPMG Peat Marwick v. Harrison County Hous. Fin. Corp.*, 988 S.W.2d 746, 748 (Tex.1999); *Burroughs Wellcome Co. v. Crye*, 907 S.W.2d 497, 499 (Tex.1995).

---

[1]. Appellants' original petition also referred to section 27.004 of the Residential Construction Liability Act ("RCLA"). *See* TEX. PROP.CODE ANN. § 27.004 (Vernon 2000). The RCLA, however, modifies causes of action for damages resulting from construction defects in residences and does not create an independent cause of action. *See* TEX. PROP.CODE ANN. §§ 27.002(a), 27.005 (Vernon 2000); *Sanders v. Constr. Equity, Inc.*, 42 S.W.3d 364, 370 (Tex.App.-Beaumont 2001, pet. denied).

When a motion for summary judgment is presented asserting there is no evidence of one or more essential elements of a claim or defense on which the nonmovant would have the burden of proof at trial, the movant does not bear the burden of establishing each element of its own claim or defense. *Gen. Mills Rests., Inc. v. Tex. Wings, Inc.,* 12 S.W.3d 827, 832 (Tex.App.-Dallas 2000, no pet.); *Lampasas v. Spring Ctr., Inc.,* 988 S.W.2d 428, 432–33 (Tex. App.-Houston [14th Dist.] 1999, no pet.); *see also* Tex.R. Civ. P. 166a(i). Instead, the burden shifts to the nonmovant to present enough evidence to be entitled to a trial: evidence that raises a genuine fact issue on the challenged elements. *See* Tex.R. Civ. P. 166a cmt. If the nonmovant is unable to proffer enough evidence, the trial court must grant the motion. *Lampasas,* 988 S.W.2d at 433. A no-evidence summary judgment is improper if the respondent brings forth more than a scintilla of probative evidence to raise a genuine issue of material fact. *Zapata,* 997 S.W.2d at 747. Less than a scintilla of evidence exists when the evidence is so weak as to do no more than create a mere surmise or suspicion of a fact. *Kindred v. Con/Chem, Inc.,* 650 S.W.2d 61, 63 (Tex.1983); *Zapata,* 997 S.W.2d at 747. More than a scintilla of evidence exists when the evidence rises to a level that would enable reasonable and fair-minded people to differ in their conclusions. *Transp. Ins. Co. v. Moriel,* 879 S.W.2d 10, 25 (Tex.1994).

When, as in this case, a trial court's order granting summary judgment does not specify the ground or grounds relied on for its ruling, an appellate court will affirm a summary judgment if any of the theories advanced in the motion are meritorious. *Carr v. Brasher,* 776 S.W.2d 567, 569 (Tex.1989); *Boren v. Bullen,* 972 S.W.2d 863, 865 (Tex.App.-Corpus Christi 1998, no pet.).

### 2. *Analysis*

Appellants sued appellee for various violations of the DTPA, all stemming from a representation made by appellee prior to the sale of the property in the "Seller's Disclosure of Property Condition" that "repairs were made totally after flooding occurred." The record reflects that these repairs were made after a flood in 1987.[2] Appellants claimed that appellee's representation was a false, misleading, or deceptive act, because the house would not have washed away during the 1998 flood, but for appellee's failure to repair the rotten wood after the 1987 flood.

Appellants alleged that appellee violated the DTPA by: (1) knowingly representing that goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits or quantities which they do not have; (2) knowingly representing that goods or services are of a particular standard, quality, or grade, if they are of another; (3) knowingly representing that an agreement confers or involves rights, remedies, or obligations which it does not have or involve, or which are prohibited by law; (4) knowingly representing that a guarantee or warranty confers or involves rights or remedies which it does not have or involve; (5) knowingly representing that work or services have been performed on, or parts replaced in, goods when the work or services were not performed or the parts replaced; and (6) knowingly failing to disclose information concerning goods or services which was known at the time of the transaction if such failure to disclose such information was intended to induce the consumer into a transaction into which the consumer would not have entered had the information been disclosed.

---

**2.** Another flood occurred in 1991; however, those flood waters did not invade the house.

The elements of a DTPA claim are: (1) the plaintiff is a consumer, a person who seeks or acquires goods or services by purchase or lease; (2) the defendant engaged in false, misleading, or deceptive acts; and (3) the act constituted a producing cause of the consumer's damages. Tex. Bus. & Com.Code Ann. § 17.50(a)(1) (Vernon 2002). The DTPA specifically enumerates the actions which are considered false, misleading, or deceptive.[3]

By his no-evidence motion, appellee asserted, *inter alia*, that appellants had no evidence: (1) that the house "failed to comply with Defendant's representations as to previous home repair, and the present quality, care, and capabilities" and (2) that the house was not properly repaired after floods prior to the October 1998 flood.

■ In response to appellee's motion for summary judgment, appellants attached several items of documentary evidence, including the expert report of Robert Mizell, which stated, "[i]n inspecting further, it became evident to me that the structure had sustained previous water damage to the plates allowing them to rot and weaken so much as to allow the structure to lift and float off the slab." Appellee now contends this statement is conclusory in nature. Appellee did not raise this objection in the trial court. However, an objection to the conclusory nature of summary judgment evidence is an objection to the substance of the evidence that may be raised for the first time on appeal. *Torres v. City of Waco,* 51 S.W.3d 814, 823 n. 9 (Tex. App.-Waco 2001, no pet.); *see also Mercer v. Daoran Corp.,* 676 S.W.2d 580, 583 (Tex. 1984); *Lara v. Tri-Coastal Contractors, Inc.,* 925 S.W.2d 277, 279 n. 3 (Tex.App.-Corpus Christi 1996, no writ).

■■ To constitute competent, non-conclusory summary judgment evidence, "the expert must explain the basis of his statements to link his conclusions to the facts." *Earle v. Ratliff,* 998 S.W.2d 882, 890 (Tex.1999). Evidence supporting and opposing a motion for summary judgment must set forth facts, not legal conclusions alone. *Mercer,* 676 S.W.2d at 583; *Larson v. Family Violence & Sexual Assault Prevention Ctr. of S. Tex.,* 64 S.W.3d 506, 514 n. 6 (Tex.App.-Corpus Christi 2001, pet. denied). Because Mizell's report has no factual support underlying his opinion that damage was caused by previous water damage, we conclude the statement is conclusory in nature and, therefore, not competent summary judgment evidence. *See Earle,* 998 S.W.2d at 890.

Further, Mizell's report does not support appellants' claim that the house was not properly repaired after the prior floods, as was required to establish appellants' DTPA claim. It was incumbent on appellants to prove that the bottom plates were rotten because of damage sustained in the prior flood and that the damage was not repaired after that flood. In the report, Mizell does not conclude that the base plates were inadequately repaired or that they were not repaired after the previous flood. The report also fails to discount other plausible sources that may have caused the base plates to rot. Without such evidence, we cannot conclude that appellee's representation was false, misleading, or deceptive. *See* Tex. Bus. & Com.Code Ann. § 17.50(a)(1) (Vernon 2002).

Because appellants have failed to produce evidence of a false, misleading, or deceptive act, we hold the trial court did not err in granting appellee's motion for

---

**3.** The DTPA's "laundry list" provides twenty-six definitions of "false, misleading, or deceptive acts or practices" that are made actionable under section 17.50 of the Act. *See* Tex Bus. & Com.Code Ann. §§ 17.46(b), 17.50(a)(1) (Vernon 2002).

partial summary judgment. Appellants' first issue is overruled.

### C. Appellee's Counterclaim

In their second issue, appellants complain the trial court erred in rendering judgment in favor of appellee on appellee's counterclaim for the deficiency and attorney's fees. Appellants contend that liability is still in issue because the trial court erroneously granted appellee's motion for partial summary judgment. Appellants do not dispute the amount due and owing on the note.

Because we have held that the trial court did not err in granting appellee's motion for partial summary judgment on appellants' DTPA claims, we conclude that appellants' second issue has no merit. Accordingly, it is overruled.

The trial court's judgment is affirmed.