NUMBER 13-05-117-CV



COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI - EDINBURG


 


ROBERT SCOTT, Appellant,


v.
 


CAMERON COUNTY, TEXAS, Appellee.

 



On appeal from the 404th District Court 


of Cameron County, Texas.


 


MEMORANDUM OPINION



Before Chief Justice Valdez and Justices Rodriguez and Garza


Memorandum Opinion by Justice Rodriguez



 This appeal arises from a summary judgment granted in favor of appellee,
Cameron County, Texas (the County), and against appellant, Robert Scott, in a suit
brought pursuant to the Whistleblower Act (the Act). See Tex. Gov't Code Ann.
§§ 554.002, 554.003 (Vernon 2004). By three issues, Scott contends the trial
court erred in (1) granting the County's third special exception relating to Exhibit B
of his summary judgment evidence, (1) (2) granting the County's motion for summary
judgment on the basis that Scott's report of an alleged violation of law was not
made in good faith, and (3) granting the County's motion for summary judgment on
the ground that the underlying suit was barred under the limitation period of the
Act. We affirm. 

I. Background

 On September 5, 2002, Scott, a former County detention officer, allegedly
reported to County Sheriff Conrado Cantu alleged violations of the law committed
by Lieutenant Joel Zamora of the County Sheriff's Department. On September 15,
2002, Scott received written notice that he had been terminated by the County. In
mid-December 2002, Scott allegedly observed a news story regarding a County
employee who had allegedly been terminated by the County for reporting similar
violations of the law by Lieutenant Zamora. Scott filed the underlying suit on
January 13, 2003, alleging that he was terminated in retaliation for reporting to
Sheriff Cantu the alleged violations of the law committed by Lieutenant Zamora. 
The County filed a motion for summary judgment on the bases that (1) Scott did
not make any such report or, assuming he did, that he did not make such report in
good faith, and (2) the action was barred under the limitation period of the Act. 
See id. §§ 554.002, 554.005. Scott filed a response to the County's motion for
summary judgment, attaching seven exhibits as summary judgment evidence. The
County filed special exceptions/objections to four of the seven exhibits. The trial
court granted the County's special exceptions and granted summary judgment in its
favor. This appeal ensued. 

II. Special Exceptions

 By his first issue, Scott contends the trial court erred in granting the
County's third special exception relating to Exhibit B, an affidavit supplied by Scott,
on the basis that the affidavit contained legal conclusions, hearsay, unsupported
conclusory statements, and self-serving statements. However, Scott has failed to
present clear and concise arguments to support this contention. (2) See Tex. R. App.
P. 38.1(h) (providing that appellant's brief must contain a clear and concise
argument for the contentions made, with appropriate citations to authorities and to
the record). Therefore, we conclude that the briefing on this issue is inadequate
and that the issue is waived. See id. Accordingly, we overrule Scott's first issue. (3)

III. Propriety of Summary Judgment

 By his second issue, Scott contends the trial court erred in granting the
County's motion for summary judgment on the basis that he did not report the
alleged violation of law in good faith. See Tex. Gov't Code Ann. § 554.002.
Through his third issue, Scott asserts the trial court erred in granting summary
judgment in favor of the County on the ground that the underlying suit was barred
under the limitation period of the Act. See id. § 554.005.

A. Standard of Review

 We review the granting of a traditional motion for summary judgment de
novo. Branton v. Wood, 100 S.W.3d 645, 646 (Tex. App.-Corpus Christi 2003,
no pet.) (citing Natividad v. Alexsis, Inc., 875 S.W.2d 695, 699 (Tex. 1994); Tex.
Commerce Bank Rio Grande Valley v. Correa, 28 S.W.3d 723, 726 (Tex.
App.-Corpus Christi 2000, pet. denied)). To prevail, the movant has the burden of
showing that there is no genuine issue of material fact and that he is entitled to
judgment as a matter of law. Id. (citing Tex. R. Civ. P. 166a(c); Lear Siegler, Inc. v.
Perez, 819 S.W.2d 470, 471 (Tex. 1991)). In determining whether there is a
genuine issue of material fact, evidence favorable to the nonmovant is taken as
true, and all reasonable inferences and doubts are resolved in favor of the
nonmovant. Branton, 100 S.W.3d at 646 (citing Am. Tobacco Co. v. Grinnell, 951
S.W.2d 420, 425 (Tex. 1997)). 

 When, as in this case, a trial court's order granting summary judgment does
not state the grounds upon which it was granted, the judgment must be affirmed if
any of the grounds advanced in the summary judgment motion are meritorious. 
Branton, 100 S.W.3d at 647 (citing Carr v. Brasher, 776 S.W.2d 567, 569 (Tex.
1989); Boren v. Bullen, 972 S.W.2d 863, 865 (Tex. App.-Corpus Christi 1998, no
pet.)).

A. Limitation Period

 By his third issue, Scott contends that pursuant to section 554.005(2) of the
Act, he timely filed the underlying suit within ninety days from the date on which
he discovered, through reasonable diligence, the County's alleged violation of the
Act, and therefore, the trial court erred in granting the County's motion for
summary judgment on the basis that his suit was barred under the limitation period
of the Act. See Tex. Gov't Code Ann. § 554.005. We disagree.

 Section 554.005 of the Act provides the following, in relevant part:

[A] public employee who seeks relief under this chapter must sue not
later than the 90th day after the date on which the alleged violation of
this chapter:


(1) occurred; or


(2) was discovered by the employee through reasonable diligence. (4)


Id. Although the Act does not define "reasonable diligence," the phrase generally
means "[a] fair degree of diligence expected from someone of ordinary prudence
under circumstances like those at issue." Black's Law Dictionary 204 (2nd pocket
ed. 1996). The term "diligence" is defined as "a continual effort to accomplish
something" and "care; caution; the attention and care required from a person in a
given situation." Id. at 203. Thus, in order to satisfy the limitation period set forth
in section 554.005(2) of the Act, a plaintiff must have (1) engaged in a fair degree
of care or continual effort to discover the alleged violation of the Act, in this case
that Scott was allegedly terminated in retaliation for his whistleblowing, and (2)
filed suit within ninety days of such discovery. See Tex. Gov't Code Ann. §
554.005(2); see also Black's Law Dictionary at 203, 204. 

 To support his assertion that he exercised reasonable diligence in discovering
that he was allegedly terminated in retaliation for his whistleblowing and that he
filed the underlying lawsuit within ninety days of that discovery, see Tex. Gov't
Code Ann. § 554.005(2), Scott relies on Exhibit B, his affidavit, and on his
deposition testimony. (5) However, as noted above, we cannot consider Exhibit B in
our review of the propriety of the trial court's grant of summary judgment in favor
of the County. Therefore, we will limit our analysis of the propriety of the grant of
summary judgment to the evidence contained in Scott's deposition testimony,
which we conclude was properly before the trial court. (6)

 Scott asserts that the following deposition testimony demonstrates that he
exercised reasonable diligence:

 Q. If the Sheriff had not asked you about how things were going
on at the jail, when do you think you would of [sic] made the
report?


 . . . .


 A. Well, I wanted to have an opportunity to talk to the Sheriff
cause I thought he was the designated person that I needed to
talk to.


We disagree. Scott's testimony was given in response to a question related to his
reporting alleged violations of the law committed by Lieutenant Zamora to Sheriff
Cantu, not in response to a question related to exercising reasonable diligence in
determining whether he was terminated in retaliation for whistleblowing. As a
result, it does not support Scott's assertion that he exercised reasonable diligence.

 Moreover, the following exchange took place during Scott's deposition:

Q. Did you inquire about why you were terminated?


A. No, I - I asked Lieutenant Zamora that same day he handed me
- that same morning he handed me the termination letter and I
asked him, is there a report that I was tardy or something
because I had never been tardy nor reprimanded for anything,
nor suspended, and his only answer was, your philosophy does
not coincide with the Sheriff's Department.


Q. Okay. And with that response that day did you make any
further inquiries?


A. No, I did not.


Q. Did you conduct any type of investigation into why you were
terminated?


A. No, I did not.


 The County argues that this testimony, by which Scott states that he did not
make any further inquiry or conduct any investigation into his termination,
establishes that Scott did not exercise reasonable diligence in discovering that he
was terminated in retaliation for his whistleblowing. The County further argues
that because Scott did not exercise reasonable diligence, he cannot satisfy the
limitation period of section 554.005(2). See Tex. Gov't Code Ann. § 554.005(2).
We agree.

 Accordingly, we conclude the trial court properly granted summary judgment
in favor of the County on the ground that the limitation period of the Act barred the
underlying suit by Scott against the County because Scott did not use reasonable
diligence in discovering the County's alleged violation of the Act. Therefore, we
overrule Scott's third issue. 

 Having concluded that Scott's suit against the County was barred by the
limitation period of the Act, we need not address Scott's second issue relating to
the good faith element of his whistleblower cause of action. See Tex. R. App. P.
47.1; see also Tex. Gov't Code Ann. § 554.002(a). 

IV. Conclusion

 Accordingly, we affirm the judgment of the trial court.

 

 NELDA V. RODRIGUEZ

 Justice


 Memorandum Opinion delivered and 

 filed this 10th day of May, 2007.
1. [1]Scott refers to this special exception in his brief as "Special Exception/Objection number two." 
However, based on the contents of Scott's brief, it is clear that he intended to challenge the
County's third special exception rather than its second special exception. Therefore, we will refer to
the challenged special exception as the County's third special exception. 
2. [2]To the extent Scott may be attempting to assert the trial court erred in not providing him an
opportunity to amend his affidavit based on the trial court's grant of the County's special exceptions
to it, we conclude the briefing is inadequate. See Tex. R. App. P. 38.1(h). Accordingly, we will not
consider such a contention.
3. [3]On appeal, Scott does not challenge the trial court's grant of the County's first, second, fourth, and
fifth special exceptions, wherein the County excepted to the following exhibits: Exhibit A, Scott's
amended petition; Exhibit B, Scott's affidavit (the same affidavit excepted to in the County's third
special exception; Exhibit C, a second affidavit of Scott; and Exhibit F, Scott's responses to
interrogatories. Accordingly, we cannot consider these exhibits in our review of the propriety of the
trial court's grant of summary judgment in favor of the County. 
4. We note that Scott acknowledges that he did not file the underlying suit within ninety days of the date
that the County allegedly violated the Act by terminating him. See Tex. Gov't Code Ann. § 554.005
(Vernon 2004). Thus, he does not challenge the trial court's grant of summary judgment on the basis
of section 554.005(1). See id. 
5. [5]Scott also directs us to his response to interrogatory number six in support of this contention. 
However, as previously noted, the County filed, and the trial court granted, a special exception to
Scott's use of his responses to the County's interrogatories as summary judgment evidence on the
basis that "[a] party cannot rely on his own Answers to interrogatories to raise a fact issue."
Nevertheless, Scott suggests that his responses to the County's interrogatories are proper summary
judgment evidence because the County attached the responses as an exhibit to his deposition. We
disagree. Although the Texas Supreme Court has held that a party's answer to an interrogatory may
become competent summary judgment evidence for the answering party when (1) it is a deposition
exhibit, (2) the party answering the interrogatory affirms in his deposition that the answer is correct,
and (3) the party answering the interrogatory is subject to cross-examination about the assertions in
his interrogatory answer, see Morgan v. Anthony, 27 S.W.3d 928, 929 (Tex. 2000) (per curiam),
the latter two elements are not present in the instant case. Therefore, we conclude that Scott
cannot rely on his answer to interrogatory number six to support this contention. 
6. We note that both the County and Scott relied on Scott's deposition testimony as summary judgment
evidence and that the County did not except to the deposition testimony as summary judgment
evidence. Therefore, it was properly before the trial court and is properly before this Court.


We also note that Scott does not direct this Court to any remaining summary judgment evidence to
support his assertion that he exercised reasonable diligence in discovering that he was allegedly
terminated in retaliation for his whistleblowing and that he filed the underlying lawsuit within ninety
days of that discovery, see Tex. Gov't Code Ann. § 554.005(2), and we find none.