

# NUMBER 13-11-00433-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

---

**RUTH MCGHAN,** **Appellant**

**v.**

**FARMERS INSURANCE EXCHANGE,** **Appellee .**

---

### On appeal from the 284th District Court
### of Montgomery County, Texas.[1]

---

# MEMORANDUM OPINION

### Before Justices Rodriguez, Vela, and Perkes
### Memorandum Opinion by Justice Vela

This is an appeal from a summary judgment granted in favor of appellee, Farmers

Insurance Exchange ("Farmers"), and against appellant Ruth McGhan in a case involving

---

[1] This case is before the Court on transfer from the Ninth Court of Appeals in Beaumont pursuant to an order issued by the Supreme Court of Texas. *See* TEX. GOV'T CODE ANN. § 73.001 (West, 2005).

damages to her lake house.[2]  By one issue, McGhan claims that the trial court erred in granting summary judgment because Farmers failed to conduct a reasonable investigation of her claim as "no representative from Farmers inspected the damage to McGhan's 3,500 square foot roof," which gave rise to McGhan's statutory, common law and breach of contract claims.  We affirm.

## I. BACKGROUND

McGhan originally filed suit against Charles Archer, Diana Kees, Archer Development Group, and Bill and Alice Clayton with respect to repairs that allegedly needed to be made to her home.  Farmers had not yet been sued, but the pleadings alleged that coverage had been denied.  Farmers was not named as a defendant until McGhan's third amended petition, filed on July 7, 2009, in which she asserted that Farmers denied her claims in July and September of 2007 because the claims were not covered losses.  This petition asserted claims of breach of contract, bad faith, deceptive trade practices, and negligence.  In McGhan's fourth amended petition, filed after the summary judgment was heard, McGhan alleged for the first time that no representative of Farmers adequately inspected the roof when she made her claims in 2007.  Her causes of action against Farmers remained the same as alleged in the third amended petition.

Farmers moved for both a traditional and no-evidence summary judgment.  As summary judgment evidence, Farmers attached the policy of insurance and amendatory endorsement, the oral deposition of McGhan, denial letters issued by Farmers in July and

---

[2] The trial court's judgment notes that McGhan non-suited her claims against Alice and William Clayton, Bruce Allegar, Alcoa Roofing Systems, Inc., and Cellular Communications Plus.  The judgment also awards McGhan a judgment in her favor with respect to those claims that she asserted against Charles Archer and Diana Kees, making the judgment final and appealable.  She does not complain of the portion of the judgment awarding her damages against Archer and Kees.

2

September of 2007, a letter issuing payment to McGhan for roof damage in 2008, post-Hurricane Ike,[3] the affidavit of Carlos Rodriguez of CHR Roofing, and a property inspection report prepared by Jerald Brown.

In its no-evidence motion, Farmers asserted that there was no evidence that Farmers breached its contract with McGhan and no evidence of damages. With respect to McGhan's bad faith claim, Farmers argued that there was no evidence that Farmers acted in bad faith or breached the duty of good faith and fair dealing. Farmers alleged that there was no evidence that it engaged in any of the alleged violations of the deceptive trade practices act or that it was the producing cause of any of the alleged damages. With respect to McGhan's negligence cause of action, Farmers argued that it owed her no duty, did not breach any duty and caused no damages.

The facts are that Farmers denied claims of damage based on claims made in July and August of 2007. The July 9, 2007 denial letter said that their investigation revealed that the roof showed signs of wear and tear in the form of flashing failure and the water damage was a result of a slow intermittent leak, but no storm damage was found. The policy provided that loss covered by rain, whether or not driven by wind was excluded from coverage unless the direct force of wind or hail made an opening in the roof or wall and water entered through the opening causing damage.

The denial letter based upon the August claim stated that the investigation showed signs of wear and tear in the form of flashing failures, but no storm damage was found. The letter noted that flashing failures were specifically excluded under the policy. The letter also noted that there were no storm related openings found in the roof or the walls.

_____

[3] This was a third claim that Farmers accepted and paid to McGhan.

The policy contained the same exclusion noted above.

## II. STANDARD OF REVIEW

Whether the motion for summary judgment was brought pursuant to no-evidence or traditional grounds determines our standard of review. *See* TEX. R. CIV. P. 166a(c), (i); *see also Ortega v. City Nat'l Bank*, 97 S.W.3d 765, 771 (Tex. App.—Corpus Christi 2003, no pet.). A no-evidence summary judgment equates to a pre-trial directed verdict. *Mack Trucks, Inc. v. Tamez,* 206 S.W .3d 572, 581–82 (Tex. 2006); *Ortega*, 97 S.W.3d at 772. We review the evidence and the response in the light most favorable to the party against whom the summary judgment was rendered, crediting evidence favorable to a party if reasonable jurors could and disregarding contrary evidence unless reasonable jurors could not. *Mack Trucks Inc.*, 206 S.W.3d at 582.

We utilize a de novo standard in reviewing the trial court's granting of a traditional motion for summary judgment. *See Provident Life & Acc. Ins. Co. v. Knott,* 128 S.W.3d 211, 215 (Tex. 2003); *Branton v. Wood*, 100 S.W.3d 645, 646 (Tex. App.—Corpus Christi 2003, no pet.). We must determine whether the movant met its burden to establish that no genuine issue of material fact exists and that the movant is entitled to judgment as a matter of law. TEX. R. CIV. P. 166a(c); *see Sw. Elec. Power Co. v. Grant*, 73 S.W.3d 211, 215 (Tex. 2002); *City of Houston v. Clear Creek Basin Auth*., 589 S.W.2d 671, 678 (Tex. 1979). In a traditional summary judgment, the movant bears the burden of proof, and all doubts about the existence of a genuine issue of material fact are resolved against the movant. *See Sw. Elec. Power Co.*, 73 S.W.3d at 215. We take as true all evidence favorable to the non-movant, and we indulge every reasonable inference and resolve

4

doubts in the non-movant's favor. *See Valence Operating Co. v. Dorsett,* 164 S.W.3d 656, 661 (Tex. 2005).

We affirm a traditional summary judgment only if the record establishes that the movant has negated at least one essential element of the plaintiff's causes of action or has conclusively proved its defense as a matter of law. *IHS Cedars Treatment Ctr. of DeSoto, Tex., Inc. v. Mason*, 143 S.W.3d 794, 798 (Tex. 2004); *see Am. Tobacco Co. v. Grinnell*, 951 S.W.2d 420, 425 (Tex. 1997); *Clear Creek Basin Auth.*, 589 S.W.2d at 678. When reasonable people could not differ as to the conclusion to be drawn from the evidence, the matter is conclusively established. *City of Keller v. Wilson*, 168 S.W.3d 802, 816 (Tex. 2005). Once the movant has produced sufficient evidence to establish its right to summary judgment, the burden to produce competent, controverting evidence raising a fact issue shifts to the non-movant. *Rhone–Poulenc, Inc. v. Steel*, 997 S.W.2d 217, 223 (Tex. 1999); *see Centeq Realty, Inc. v. Siegler*, 899 S.W.2d 195, 197 (Tex. 1995). When the trial court's judgment does not specify which of several proposed grounds was dispositive, we affirm on any ground offered that has merit and was preserved for review*. See Joe v. Two Thirty Nine J.V.*, 145 S.W.3d 150, 157 (Tex. 2004).

## III. ANALYSIS

Farmers argues that McGhan cannot recover under any of her claims as she failed to raise a fact issue with respect to any of her causes of action because the only evidence she submitted in response to the no-evidence motion was her own affidavit and deposition and neither raises a fact issue. McGhan's sole complaint on appeal regarding

her July and August 2007 claims is that a Farmers' representative denied her claim without actually getting on her roof. We agree with Farmers.

In response to the no-evidence motion for summary judgment, McGhan submitted her own deposition testimony wherein she stated that she was not a construction expert and she had no expertise in insurance claims. She testified that she did not know if there was storm related damage to the roof because she did not get on the roof. She said that someone named Jason Anderson, a metal roof expert, told her that there was storm related damage. Anderson told her that there was significant damage to the roof in various places and "that it could definitely be responsible for the—leaks we were finding." She further testified that someone named Patrick from Farmers came out to her home, looked at the roof and told her that he did not find any storm created damage that was causing the leak. She said that he did not get on the roof during his inspection. She was not sure why Jason Anderson thought there might be coverage.

Farmers objected to McGhan's summary judgment evidence, stating that Jason Anderson had not been properly or timely designated as a witness and any of plaintiff's statements with respect to what he said would also be hearsay. Without question, Anderson was not designated nor did his testimony, either by affidavit or deposition, appear in the record. In order to be admissible into evidence, an expert witness's testimony must be reliable. *Exxon Pipeline Co. v. Zwahr*, 88 S.W.3d 623, 628–29 (Tex. 2002); *Frias v. Atlantic Richfield Co.*, 104 S.W.3d 925, 927 (Tex. App.—Houston [14th Dist.] 2003, pet denied). Here, McGhan's testimony, with respect to what Anderson might have said is not only hearsay, it is without probative force because there is no

6

indication that he was actually an expert or that any testimony he would have given would have been reliable. Because McGhan submitted no probative evidence to support her claims in response to Farmers' no-evidence motion for summary judgment, we hold that the trial court properly granted the no-evidence motion for summary judgment. We overrule McGhan's issues.

## IV. CONCLUSION

The judgment of the trial court is affirmed.


ROSE VELA
Justice


Delivered and filed the
21st day of November, 2012.